## SUPREME COURT.

### PHILIPS agt. PRESCOTT.

Where an action was commenced by the service of a summons only, no copy of the complaint accompanying it, but the summons stating where the complaint would be filed, and the defendant, instead of appearing and demanding a copy of the complaint, served a *sworn* answer upon the plaintiff's attorneys denying each and every allegation of the complaint before the complaint was, in fact, drawn—*held*, that the answer was irregular, and a fraud upon the rules and practice of the court.

The plaintiff, having returned the answer, specifying as a reason another alleged irregularity which did not exist, was nevertheless held not to have waived the true ground—the real defect being one which, if pointed out, it was too late for the defendant to answer, his time for answering having expired immediately after the irregular answer was returned. ·

The *proof* that no answer has been received, which the clerk must have, in order to authorize the entry of judgment by default under the Code, need not rest solely in *affidavit*.

Accordingly, where it appeared by affidavit that an answer in form, served on the 26th, the last day for answering, was immediately returned—but the only proof that a complaint in the action had not then been drawn was, (1.) The summons and proof of service, showing that it was served without complaint; and (2.) The complaint itself, produced and verified before the clerk and filed on the 27th, as appeared by the jurat and endorsement of filing *after* the answer was served and returned.

*Held*, that the answer was not an answer to the complaint, that the proof that no answer had been received was sufficient, and that the judgment entered on such proof was regular.

*Wayne Special Term, July*, 1854. Motion by the defendant to set aside the judgment and subsequent proceedings in the action for irregularity, &c.—The facts are stated in the opinion of the court.

WILLIAM CLARK, *counsel for defendant*, insisted in support of the motion, that in order to authorize the clerk to enter judgment on failure to answer, there must be proof before the clerk that *no* answer has been received: that in this case there was not only an entire absence of such proof, but, on the contrary, there was positive proof that an answer had been received: that the question is not whether the answer is a regular one—of that, the clerk is not to judge—but whether any

answer has been received. If the defendant has appeared in the action and set up his defence, and asked to be heard by the court, it is not for the clerk to decide that he has not come in the regular way, and so to shut him out from his defence by entering judgment against him, merely because the plaintiff's attorneys have thought proper to return him his answer.

F. E. CORNWELL, *for the plaintiff*, made the following points in opposition to the motion :—*First*, It appears from the affidavits that in point of fact the answer served was not an answer *to the complaint*, and therefore that no answer to the complaint had been received. Was there *proof* of this fact before the clerk ? If there was, the judgment was regular. We say there was : that,

1. This proof need not be by *affidavit*. (*Code, sec.* 246, *sub.* 1; *Bouvier's Law Dic.* PROOF.)

2. The fact was apparent to the clerk from an inspection of the papers. It appeared that the action was commenced by the service of *summons only*. The complaint, in accordance with the regular and ordinary practice, was produced and sworn to before the clerk and filed on the 27th, and this was evidence to the clerk that when the answer was served on the 26th, the *complaint* was not in existence, and so no answer to it had been received.

3. The clerk is properly the judge of questions of this kind, on the application for judgment under section 246. The statute makes it incumbent on him to decide whether or not an answer has been received—and he must, of necessity, in doing this, pass upon all the evidence before him. If· a writing, denying the existence of the Koran, or stating any other absurd or irrelevant matter, but sworn to, entitled in the action, and called an answer, had been served, and returned, the clerk would of course be justified in holding, on such a state of facts, that no answer had been received.

4. The only question to be decided, if application had been made to the court instead of the clerk, for judgment, would have been not whether the answer served was sufficient, for in itself it is; but whether the *complaint* had been answered at

all. And this question the clerk is in view of the statute fully competent to decide, and it is his duty to decide it.

5. If it be said that notwithstanding the complaint was *verified* on the 27th, still it may have been before that drawn and served—we say that is only *presumption*—the date of the verification is the only evidence there is of the date of the complaint; and in the absence of any contradictory evidence, must govern. No presumptions can be indulged for the purpose of overturning the judgment of the court. The party taking judgment by default always takes it at his peril; and if irregularities do, in fact, exist, the party complaining of them must show affirmatively that they exist, and not depend upon presumptions.

T. R. STRONG, Justice. The grounds of irregularity specified in the notice of motion are the following: 1. That no proof was filed that an answer had not been received. 2. That an answer was served within the time allowed by law for answering.

It appears by the papers on the motion that the summons in the action was served on the 5th of June: that on the 26th of June an answer denying each and every allegation in the complaint, signed by the defendant in person, and verified by him on that day, was served on the plaintiff's attorneys: that the answer was on the same day returned by the plaintiff's attorneys with an endorsement thereon, that it was served "too late by one day:" that the complaint, which is upon a promissory note, was drawn and sworn to before the clerk on the 27th of June: and that on the same day an affidavit was made by one of the plaintiff's attorneys, before the clerk, that no answer or demurrer had been received, except that on the 26th day of June, 1854, and more than twenty days after service of summons, a copy of answer was left at the office of Smith & Cornwell, and was on the same day returned by mail directed to defendant at Newark, in said county, with an endorsement on it, " Served 26th June, 1854, too late by one day;" upon the filing of which affidavit with the summons, proof of service, and complaint, judgment was entered against the defendant, and execution was issued thereon.

The attorneys for the plaintiff were mistaken in supposing that the time to answer had expired when the answer was served; the 25th of June, being the last of the twenty days after service of the summons, was Sunday, and the defendant was entitled to the whole of the 26th for answering. But the answer was nevertheless irregular, for the reason that the complaint had not then been prepared, and the plaintiff's attorneys had a right to return it upon that ground. They should, upon returning it, have specified that ground of irregularity, instead of the one stated by them; but I think it should not be held to have been waived by their omitting to do so, and stating an insufficient reason. The defendant has not been misled : if the true ground of irregularity had been given, it was too late to correct it, and it appears that the attention of the agent of the defendant was called to the true ground before the papers were prepared for this motion. Besides, the defendant was guilty of great impropriety, speaking in the mildest form, in making and verifying his answer without any knowledge of the complaint : such an answer is a fraud upon the rules and practice of the court, and ought not to be permitted to stand without clear evidence of an assent by the plaintiff's attorneys to overlook the irregularity, and such evidence is wanting.

It is undoubtedly essential to the regularity of the judgment, not only that the plaintiff should have been entitled to it when it was entered, but that the proper proof that no answer had been served which he was bound to regard, or which he had retained, should have been furnished to the clerk. The affidavit filed with the clerk showed that an answer had been received in time, which was returned as too late; but it also appeared to the clerk, that the complaint upon which he was asked to enter judgment, was not verified or filed until the 27th, after the time for answering had expired, which was sufficient evidence that it had not been completed or served before that time. It could not properly be verified after service. He had before him, therefore, full proof that the answer served was irregular, and that it had been returned, and I think was not bound by any thing in the papers to regard the irregularity as

28

waived.   In my opinion, the proof presented to the clerk was sufficient to warrant the judgment.

The defendant, if he desired to answer, should within the time allowed for the purpose have demanded a copy of the complaint, and upon receiving the same, put in an answer thereto.

The motion must be denied, with seven dollars costs.