MAXWELL
v.
JARVIS et al.    For these reasons the plaintiff's motion for judgment
must be denied.

MAXWELL VS. JARVIS and another, impleaded, &c.

Where an answer was actually filed before an order taking a bill in equity *pro
confesso* was obtained, but after the time limited for answering had expired,
it was irregular to take an order for judgment for want of an answer without
first having such answer removed from the record.

Where the plaintiff's attorneys, on the last day of the time limited for answer-
ing, stipulated that the defendant's answer might be filed on being signed
by the defendant's attorney in fact, and this stipulation and the answer were
put on file the next day, *it seems* that such a stipulation ought to be con-
strued as giving a reasonable time after it was entered into to comply with
its provisions.

Whether the answer was strictly in time or not, the court would undoubtedly
have allowed it to remain, without terms, in view of the stipulation.

Where the judgment has been taken irregularly for want of an answer, when an
answer was actually on file, the judgment will be reversed though the answer
should appear to be insufficient.

APPEAL from the Circuit Court for *Dane* County.

Bill to foreclose a mortgage, filed April 3d, 1856. Judg-
ment *pro confesso* against the mortgagors, October 6th, 1856.
*Wm. B. Jarvis, Sen.*, who was made a defendant as the
owner of another mortgage on the same premises, having
been duly shown to be a non-resident of the state, an order
had been procured and duly published requiring him to
plead, answer or demur on or before the 27th of October.
On the day last mentioned the plaintiff's attorneys stipulated
that the answer of said *William B. Jarvis Sen.*, might be
put in without his oath or signature, and that the same
might be filed on being signed by his attorney in fact.

This stipulation was placed on file together with the
answer of *William B. Jarvis, Sen.*, signed by William B.
Jarvis as his attorney in fact, on the 28th of the same month
The nature of this answer is sufficiently stated in the opinion
of the court. On the 28th of November, 1857, the court
made an order that the bill be taken as confessed against
*William B. Jarvis, Sen.*, on the ground that "no plea, an-
swer, demurrer or other paper had been filed or interposed"
by said defendant within the time limited for that purpose.
On the 30th of the same month, the attorneys of the defend-
ant *William B. Jarvis, Sen.*, served notices of their appearance
as such, and also that they excepted to the aforesaid order
taking the bill as confessed against said defendant. After the
usual order of reference to compute the amount due, and no-
tice of application for judgment, the plaintiff, on the 26th of
December, 1857, obtained a decree of foreclosure founded
upon the order taking the bill *pro confesso.* Subsequently
*William B. Jarvis* and *George Jarvis*, executors of the last
will of said defendant *William B. Jarvis, Sen.*, were substi-
tuted as defendants, and took this appeal.

*Wakeley & Vilas*, for appellants:

Under the chancery rule which was in force when the an-
swer in this case was filed, an answer could be filed at any
time before an order taking the bill *pro confesso* was obtain-
ed by the plaintiff. Rule 27, Old Chancery Rules; *Hawkins
vs. Crook*, 2 P. Wms., 555. 2. Where an answer was once
filed, a bill could never be taken as confessed until the an-
swer was taken off the files by order of the court. *Sedgier
vs. Tyte*, 11 Vesey, 202; 1 Daniell's Ch. Pr., 576.

*Julius T. Clark*, for respondent:

1. The defendant could answer after the time limited, only
by leave of court. 1 Barb. Ch. Pr., 146. 2. There is no
evidence that *Wm. B. Jarvis* was attorney in fact of *Wm.
B. Jarvis, Sen.* That evidence should have accompanied
the answer to entitle it to be filed. 3. The answer contains
no defense.

*By the Court*, PAINE J. We think the authorities cited
by the appellant's counsel show that when an answer is ac-

June Term
1861.

MAXWELL
v.
JARVIS et al.

tually put in before an order taking the bill *pro confesso*, and for judgment for want of an answer, is made, it is irregular to take such latter order without first removing the answer from the record, although the time for answering had expired when it was filed. The plaintiff's judgment was therefore irregular, without reference to the stipulation of the parties under which the answer was put in. But on referring to that stipulation, we think it would not be going too far to say that there was a substantial compliance with it in filing the answer. The stipulation was dated on the last day for answering. It is true it does not contain any express extension of the time, but consents that the answer be filed on being signed by the attorney in fact. It is questionable whether such a stipulation, on the very last day for answering, ought not to be construed as giving a reasonable time after it was entered into to comply with its provisions; and here the answer was filed on the next day, which certainly was no great *laches*. And whether it was strictly in time or not, the court would undoubtedly have allowed it to remain without terms, in view of the stipulation.

But it is objected by the counsel for the respondent that the judgment should not be reversed, for the reason that the answer does not set up any defense, and shows that *Jarvis* has no interest in the premises. The latter proposition must be conceded, for it avers that the mortgage through which *Jarvis* claims an interest, had been foreclosed, and the premises sold to one Wright, which would leave *Jarvis* without any interest. His counsel stated on the argument that such is not the real fact, and that *Jarvis* still has the interest represented by that mortgage, and suggested that the defect must have arisen from the confusion growing out of the loss of the original records.

But without reference to this statement, we think where a judgment is taken irregularly, for want of an answer, when an answer is on file, that the insufficiency of the answer is no reason why it should not be reversed. If the party's answer was defective, he had a right to have its sufficiency tested on demurrer or otherwise, and to amend if the facts of his case would enable him to do so. This conclusion is

supported by the rule under the present practice, of reversing judgments entered for the frivolousness of the answer, where this court holds it not frivolous, without inquiring into its sufficiency on the merits. If the objection made here is good, it would be equally good there. And if this court should adjudge the answer not to be frivolous, the party who had entered judgment for its frivolousness might still claim that the judgment ought not to be reversed, because the answer, though not frivolous, was still insufficient on demurrer. The answer to such an objection in each instance is, that if the answer is insufficient, that objection should be properly taken in the court below, so that if it should be sustained, the party might have an opportunity to perfect his pleading.

The judgment is reversed, with costs, and the cause remanded for further proceedings.