PRITCHARD VS. HUNTINGTON, Impleaded, &c.

Under sec. 5, chapt. 124, R. S., and sec. 1, chapt. 220, Laws of 1859, if a defendant in an action for the foreclosure of a mortgage on real estate, has been served with a summons *only*, it is too late for him, after the expiration of twenty days from the time of such service, to make a demand of a copy of the complaint.

Where an action is commenced against a defendant and he is served with a summons only, and his answer to the cause of action is served before the complaint is drawn, such answer, it seems, is irregular, but the irregularity will be waived by the plaintiff's attorney omitting to return it for that reason.

Where an answer has been filed, which is irregular, it is error for the plaintiff to take judgment without first procuring it to be stricken from the files.

ERROR to the Circuit Court for *Sauk* County.

Action to foreclose a mortgage on certain real estate, executed by the defendants, *Rufus Hall* and *Betsey* his wife to one Henry Tew and by him assigned to the plaintiff. The defendant *Huntington* was made a party defendant, as a subsequent incumbrancer, and he was served on the 17th day of December, 1861, with a copy of the summons *only*, which required him to answer the complaint within ninety days thereafter, and more than twenty days after the service of the summons his attorney served on the plaintiffs' attorneys a notice of retainer, and demand of a copy of the complaint, but this demand was disregarded by them. Afterwards, and before the expiration

of the ninety days allowed him to answer, he made and served an answer, claiming that he had a mortgage on the same premises, which was a prior lien thereon to that of the plaintiff, and claimed that it should be so adjudged, and this answer was not returned by the plaintiffs' attorneys, but it was served before the plaintiff's complaint was drawn up. The plaintiff's attorneys having subsequently filed a complaint; after the expiration of the ninety days, applied to the court for judgment for want of an answer to the complaint. The court granted the motion, ruling that the answer so served could not be considered as an answer to the complaint, to which ruling the defendant *Huntington* excepted. Judgment of foreclosure was entered as for want of an answer, and the defendant *Huntington* appealed.

*Smith & Keyes*, for appellant.

*Baird & Skinner*, for respondent:

1. The answer served having been sworn to and filed before any complaint was in existence, cannot be considered as an answer to the complaint subsequently made out and filed. 2. The notice of retainer and demand of a copy of the complaint came too late. *Morley vs. Guild*, 13 Wis., 577. 3. A right or interest prior or adverse to the plaintiff's mortgage cannot be litigated in an ordinary suit for foreclosure, and the rights of a party so claiming are not barred or affected by the ordinary clause in judgments of foreclosure, "that the defendants be barred," &c. *Corning vs. Smith*, 2 Seld., 82 ; *Lewis vs. Smith*, 5 Seld., 502 ; *Strobe vs. Downer*, 13 Wis., 10.

*By the Court*, DIXON, C. J. The defendant was too late with his demand for a copy of the complaint. He was served with a copy of the summons *only*, and the demand should have been made within twenty days after such service. *Morley vs. Guild*, 13 Wis., 578. And he may have been irregular in making and serving his answer before the complaint was in fact drawn. Such an answer was held irregular in *Phillips vs.*

*Prescott*, 9 How. Pr., 430.     But whether irregular or not, the question cannot now be raised.    The defect, if any, was cured by the neglect of the plaintiff's attorneys to return the copy which was served upon them.    The answer, though drawn at random, meets the case made by the complaint, and shows that the plaintiff has no cause of action against the defendant.    Looking to the dates at which the respective mortgages are alleged to have been recorded, it might appear that, that of the plaintiff was first.   But the answer avers the recording of the defendant's to have been prior in point of time; that he received it without notice of the mortgage to the plaintiff, and that the lien of the latter is subsequent and subject to that of the former.    Each and every allegation of the complaint, inconsistent with the facts stated in the answer, is also denied.  The plaintiff should therefore, have proceeded to trial, instead of applying for judgment as for want of an answer. But if we are wrong in the foregoing conclusion, it was still error for the plaintiff to take judgment without first causing the irregular answer to be stricken from the files.   *Maxwell vs Jarvis*, 14 Wis., 506.

Judgment reversed, and cause remanded for further proceedings according to law.