Reichert and another vs. Lonsberg.

—————————

REICHERT and another, Respondents, vs. LONSBERG, imp.,
Appellant.

*April 10 — May 1, 1894.*

*Pleading: Verification: Judgment by default: Appeal.*

1. Where the verification of a complaint by an agent is defective be-
cause failing to state what knowledge he had of the facts, the
answer need not be verified.
2. A judgment as for default, when there was no default in fact, will
be reversed on appeal, although no application for relief was made
to the court below.

APPEAL from the Circuit Court for *Grant* County.

Plaintiffs sued *Lonsberg* and another as partners upon an account stated for goods sold and delivered. The complaint was verified by one Wolfman as agent of the plaintiffs, who stated in the verification that the complaint was true of his own knowledge, but did not state what knowledge he had of the facts. The summons and complaint were attempted to be served on *Lonsberg*, August 2, 1893, but the return is entirely defective, and fails to show service, for reasons unnecessary to be stated. On the 21st of August, 1893, the defendant *Lonsberg* served an answer, which was unverified and consisted of a general denial; and said answer, with proof of service, was filed on the 22d of August, 1893. It was said on the argument that this answer was immediately returned because unverified, but such fact does not appear in the record. On the 23d of August the plaintiff filed an affidavit of no answer, and judgment by default was entered by the clerk for the amount claimed in the complaint and costs. *Lonsberg* appealed from this judgment.

*W. H. Beebe,* for the appellant.

*T. L. Cleary,* for the respondents, contended, *inter alia,* that the entry of judgment was a mere irregularity, against which the appellant should have applied for relief to the circuit court. *Egan v. Sengpiel,* 46 Wis. 707; *Lindauer v. Clifford,* 44 id. 597; *Bonnell v. Gray,* 36 id. 577; *Kirst v. Wells,* 47 id. 56; *Rollins v. Kahn,* 66 id. 658; *Pirie v. Hughes,* 43 id. 534; R. S. sec. 2829; *Schweitzer v. Connor,* 57 Wis. 183; *Salter v. Hilgen,* 40 id. 364. The defect in the verification is a mere irregularity, and not sufficient ground for vacating the judgment. *Pirie v. Hughes,* 43 Wis. 534; *McCabe v. Sumner,* 40 id. 386; *Bonnell v. Gray,* 36 id. 574; *Brown v. Parker,* 38 id. 21.

WINSLOW, J. The verification of the complaint was insufficient. The agent who attempted to verify it did not

state what knowledge he had of the facts. It could, therefore, be treated as unverified, and an answer could be put in without oath. *Crane v. Wiley,* 14 Wis. 658. The defendant's unverified answer was therefore properly served, and there was no default when judgment as for default was entered. Thus the judgment was entirely unauthorized, and must be reversed. *Maxwell v. Jarvis,* 14 Wis. 506.

We were strongly urged to hold that relief should first be sought by application to the circuit court, instead of by appeal from the judgment. Generally, relief from irregularities in the entry of judgment should be first sought in the trial court; but an entry of judgment as for default, when there is no default in fact, is too grave an irregularity not to be taken notice of upon appeal from the judgment. A judgment of foreclosure upon default will be reversed upon appeal for failure to file the *lis pendens* twenty days before judgment. The irregularity here is more serious. *Dawson v. Mead,* 71 Wis. 295.

*By the Court.*— Judgment reversed, and cause remanded for further proceedings according to law.