Dufur, Respondent, vs. Ashland County, Appellant.

*October 26 — November 13, 1894.*

*Judgment by default: Premature entry: Vacating.*

An order sustaining a demurrer to a counterclaim gave leave to amend
the answer within ten days after service of notice of the entry of
said order. No such notice was served, but, the answer not having
been amended, judgment was taken against the defendant as by
default. *Held,* that defendant was not in default and that, upon
an application made at the same term, such judgment should have
been vacated as a matter of right.

APPEAL from the Circuit Court for *Ashland* County.
This action was commenced June 17, 1893, to recover
upon six several county orders issued by the defendant,
and which had been assigned by the several payees thereof
to the plaintiff. Each order is alleged in the complaint as
a separate cause of action, and their aggregate amount is
$221.38. The fifth cause of action is upon an order for
$19.75 issued by the defendant to Edward Fenelly, August
2, 1892, and assigned to the plaintiff.

The defendant, by way of a counterclaim, alleged, in
effect, that said Fenelly was county clerk of said county
from January 2, 1891, to December 31, 1892; that during
said time certain moneys came into his hands as such clerk
by virtue of his office, to the amount of $16,163.49; that he

had converted the same to his own use, and refused to pay
the same to said county on demand, and was therefore in-
debted to said county thereon,— and demanded judgment
against the plaintiff that the fifth cause of action be dis-
missed, and for costs.   No defense was made to any of the
other orders.   The plaintiff demurred to said counterclaim
on the ground that it does not state facts sufficient to con-
stitute a cause of action or defense.

Upon the hearing of said demurrer, it was, by an order
made November 20, 1893, sustained, with leave to amend
the answer within ten days from service of notice *of entry
of said order*, on payment of $10 costs.   A copy of said
order was served on the defendant's attorney, November
22, 1893.   It appearing to the court, December 22, 1893,
that no amended or further answer or demurrer had been
served on the plaintiff's attorney, it was, on motion of the
plaintiff's attorney, adjudged that the plaintiff have and
recover of the defendant the sum of $221.38 damages, to-
gether with the further sum of $33 for costs and disburse-
ments, amounting in all to the sum of $254.38.

Upon the affidavit of the defendant's attorney herein, to
the effect that no notice of the entry of the said order was
ever served upon the defendant or its attorney, and upon
an order to show cause, at the same term of said court at
which said judgment was entered, why said judgment so
entered as by default should not be vacated and set aside,
it was ordered by the trial court that said motion be, and
the same was thereby, denied, with $5 costs.   From this
last order the defendant appeals.

The cause was submitted for the appellant on the brief of
*R. Sleight,* and for the respondent on that of *Sanborn,
Dufur & Anderson.*

To the point that a judgment irregularly obtained should
not be vacated unless some defense was shown to exist,
counsel for the respondent cited *Howey v. Clifford,* 42 Wis.

Dufur vs. Ashland County.

561; *Bonnell v. Gray*, 36 id. 574; *Levy v. Goldberg*, 40 id. 308; *Seymour v. Chippewa Co.* id. 62; *Rollins v. Kahn*, 66 id. 658; *Salter v. Hilgen*, 40 id. 363.

CASSODAY, J.    Undoubtedly, trial courts have control of their own judgments during the term at which they are entered, and during such term may set them aside for irregularities merely.    As indicated in the foregoing statement, the application to vacate and set aside the judgment was made and denied at the same term of the court at which it was entered.

By the express terms of the order sustaining the demurrer, the defendant could not be put in default except by ten days' notice of the entry of said order.    The rule of court required the clerk of the trial court to enter a brief statement of all applications to the court for orders "in his minute book, with the action of the court thereon," and provides that "no such order shall be operative unless such statement shall be then and there so entered." Circuit Court Rule IV, sec. 9.    It is undisputed that no such notice of any such entry of that order was ever given, and it does not appear that any such entry was ever made.    If it was not made, then, under the rule, it would seem the order was inoperative.    The judgment was therefore so entered, not only without any notice to the defendant's attorney, but before the defendant was in default.    This was improper.    *Knowles v. Fritz*, 58 Wis. 216; *Reichert v. Lonsberg*, 87 Wis. 543.    The application to vacate and set aside the judgment was promptly made at the same term, and should have been granted as a matter of right.    It is unlike an application after the term and as a matter of favor, under sec. 2832, R. S.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded for further proceedings in accordance with this opinion.