[Civil No. 1932.  Filed February 2, 1922.]

[204 Pac. 138.]

## RICO CONSOLIDATED MINING COMPANY, a Corporation, Appellant, v. RICO EXPLORATION COMPANY, a Corporation, Appellee.

1. APPEAL AND ERROR—DOUBTS RESOLVED AGAINST APPELLEE FAILING TO FILE BRIEFS.—If the Supreme Court has any doubt as to what disposition should be made of an appeal, it will be resolved against appellee where he has neglected to file a brief.

2. JUDGMENT—COURT MAY NOT VACATE AFTER SIX MONTHS, THOUGH MOTION WAS MADE WITHIN TIME.—Under Civil Code of 1913, paragraph 600, giving the trial court power to vacate a judgment within six months after entry, the court loses jurisdiction after six months to pass on a motion made during that time.

3. JUDGMENT—COURT MAY AT ANY TIME VACATE JUDGMENT ENTERED WITHOUT JURISDICTION.—A judgment entered without jurisdiction is no judgment, and the trial court may at any time vacate, even after six months from entry, under Civil Code of 1913, paragraph 600.

4. JUDGMENT—SECOND JUDGMENT ENTERED WITHOUT NOTICE VOID.—Court, after having solemnly entered a judgment on the merits, may not at a later date, without notice, enter a different judgment in absolute disregard thereof, and a second judgment so entered is void and may be vacated at any time.

APPEAL from a judgment of the Superior Court of the County of Mohave.  E. Elmo Bollinger, Judge.  Affirmed.

Mr. Charles L. Lewis, for Appellant.

ROSS, C. J.—The Rico Consolidated Mining Company, claiming to be the owner and entitled to the possession of certain personal property, brought action for its recovery against the Rico Exploration Company and replevied the same.  Within the two

---

3. Power to vacate judgment when not specially authorized by statute, note, 60 Am. St. Rep. 633.

days allowed by law the defendant, Rico Exploration Company, executed a bond payable to the sheriff of Mohave county, Arizona, conditioned as the statute provides, and was thereupon repossessed by the sheriff of the said property. The defendant answered, setting up ownership and right of possession in itself. The case was tried by the court without a jury, and resulted in a decision and judgment in favor of the plaintiff.

Under date of June 21, 1920, in the minute entries of the court, is found this judgment:

"This cause was tried in open court March 18 and March 19, 1920, and was thereafter submitted on briefs [omitting the findings]. Therefore it is ordered, adjudged, and decreed that the order in replevin heretofore issued in this cause be, and the same is hereby, sustained; that the value of the machinery involved herein be, and the same is hereby, fixed at the sum of $3,500; that judgment for that amount be, and the same is herewith, entered for plaintiff and against defendant ordering the return of the machinery to plaintiff; that judgment be, and the same is hereby, entered for plaintiff and against defendant for the sum of $500 as damages for the wrongful removal of said machinery."

This minute entry has the approval of the presiding judge indorsed thereon.

There appears also in the record what purports to be a judgment signed by the judge bearing the same date as the judgment above described, but filed on August 27, 1920, which recites the finding of the value and damages as in the first judgment, and also that a redelivery bond was executed by the defendant with John H. Conway and I. M. George as sureties in the sum of $10,000, and proceeds to adjudge:

"That the Rico Consolidated Mining Company, plaintiff, do have and recover from Rico Exploration Company, defendant, and John H. Conway and I. M. George, its sureties, the possession of the property

described in the complaint as follows: . . . Together
with $3,500, the assessed value of said property, and
the sum of $500, plaintiff's damages assessed as afore-
said, and that all of said property be delivered to
plaintiff . . . within fifteen days from the date hereof,
together with the sum of $29.70, the costs of this
action as taxed.''

On October 5, 1920, the sureties, Conway and
George, filed their motion with the court asking that
they be relieved from the judgment, assigning many
reasons therefor. January 31, 1921, the motion of the
sureties was granted except as to damages and costs.

Plaintiff appeals from the order of January 31st.
The defendant has not seen fit to file any brief in this
court, and, if we had any doubt as to what disposition
should be made of the case, we certainly should re-
solve it against the defendant and in favor of the
plaintiff as a kind of penalty for this neglect. We
think, where a party does not regard his case as of
sufficient importance to demand a presentation of his
side thereof, we would generally be justified in accept-
ing the adversary's points as confessed, rather than
take upon ourselves the burden of examining a large
record to discover reasons for sustaining the judg-
ment.

The plaintiff contends that the court had no jurisdic-
tion of the motion to modify or vacate the judgment
as to the sureties at the time the motion was filed.
But the statute (paragraph 600, Civil Code) gives the
court power, for good cause shown, to modify or va-
cate its judgments, orders, or proceedings at any time
within six months after their making or entry. It is
not true, therefore, that the court had no jurisdiction
over the motion to modify or vacate the judgment at
the time this motion was filed. However, in *Leeker* v.
*Leeker, ante,* p. 170, 202 Pac. 397, it was held that the
court lost jurisdiction to pass upon such motion, even
though it show good cause, after the expiration of six

months from the date of making or entry of judgment. This order was made January 31, 1921, which was considerably more than six months from June 21, 1920, the date of judgment, and at a time when the court had lost jurisdiction of it.

But if the court had no power to enter the judgment that was filed in the case on August 27, 1920, running against the defendant and the sureties, Conway and George, a different question is presented. A judgment entered without jurisdiction is no judgment, and the court could at any time vacate it or set it aside. The record indisputably is that the judgment dated June 21st was rendered on that day in conformity with the announced decision of the judge. The one filed on August 27th does not purport to be an amendment or modification of the previous judgment, nor was it made and entered upon notice to the adverse party or parties. Both these judgments appear to be independent of each other. It is not possible for both to stand. It must be obvious to any one that a court of justice, after having solemnly entered a judgment on the merits, may not, in absolute disregard thereof, at a later date, without notice, enter a different judgment. The text on the matter is stated as follows:

"The power of a court to amend its own record is limited to such changes or corrections as are in affirmance of the judgment originally rendered; and where the judgment expresses the entire judicial action taken at the time of its rendition, the court has no authority to enlarge or diminish it, to make a change or modification in matter of substance, or, under the guise of amendment, to review the case and render a different judgment. A judgment therefore cannot be amended so as to vary the rights of the parties as fixed by the original decision; and it is error to amend a judgment by reducing its amount, where the reason for the alteration is that the court has changed its mind, or by decreeing additional relief to the success-

ful party, or releasing from the operation of the judgment persons or property originally affected by it, or reviewing and readjudging the question of costs, or adjudicating a matter which might have been, but was not, considered and determined on the trial.'' 23 Cyc. 868.

In *Moulton* v. *Smith, ante,* p. 319, 203 Pac. 562, the question was as to when a judgment was rendered, whether at the time the court announces its final determination of the rights of the parties to the action, or at the time when the judge signs a formal written judgment, and it was there said:

''The announcement of its decision completes the court's duty in this particular, for the rights of the parties are thereby determined. It then devolves upon the clerk to enter the judgment, but in so doing he is guided as to its terms solely by what the court has said in announcing it. This statement gives or should give him full information for this purpose and he is not empowered or permitted to insert in the judgment anything which would change it in any material respect. A judgment signed by the judge and containing terms different from those announced would not authorize him to enter its modifications, for 'there is no statutory provision for the signing of a judgment by the judge, either before or after entry; and his signature gives it no additional solemnity or validity. *Clink* v. *Thurston,* 47 Cal. 29. Where that practice is adopted it is merely to give the clerk surer means of correctly entering what has been adjudged.' *In re Cook Estate, supra.* For this reason the practice of filing written judgments, signed by the judge, is commendable, as remarked by the court in *Kinsley* v. *New Vulture Mining Co.,* 11 Ariz. 66, 90 Pac. 438, but it can properly go no further than to give perhaps in a more detailed way what the judgment already contains.''

When the first judgment in this case was entered the court, of course, had before it the redelivery bond, executed by the defendant and Conway and George. This bond does not run to the plaintiff, as the statute

(paragraph 1607) provides that it must, but runs to the sheriff. It is not the bond provided by the statute. The first judgment entered, therefore, either because of this defect in the bond, or by oversight, very correctly omitted the sureties, Conway and George, as judgment debtors and ran against the defendant only.

Whether the court could, upon notice to the sureties, have acquired jurisdiction so as to make the judgment run against the sureties, as is attempted in the judgment filed August 27th, or not, their undertaking running to the sheriff, and not to plaintiff, surely it cannot be contended that the court possessed such power without any notice to the sureties.

For the two reasons: First, that the court had exhausted its power over the subject matter and the persons when it rendered its first judgment to render any other independent judgment in the case, and because the redelivery bond signed by the sureties was not in accordance with the statute, we feel that the order of the court made on January 31, 1921, and from which this appeal is prosecuted was properly entered. The court not only had the power, but it was its duty, to annul the judgment filed last. It had no place in the case. Since it was rendered without jurisdiction, the statutory time in which judgments may be modified or vacated has no application. Such a judgment may be set aside or vacated at any time. 15 R. C. L. 692, § 144.

The order appealed from is therefore affirmed.

McALISTER and FLANIGAN, JJ., concur.