[Civil No. 1959. Filed April 22, 1922.]

[206 Pac. 161.]

DAVID BABBITT and E. RAY COWDEN, Co-partners Doing Business Under the Firm Name and Style of BABBITT & COWDEN, Appellants, v. SOTERO HUALDE, FRANCISCO ERRIBIRI, CASTO ELEZONDO, R. O. RAYMOND and MONTOSO SHEEP COMPANY, Appellees.

JUDGMENT — NO JURISDICTION TO VACATE AFTER SIX MONTHS FROM ENTRY.—Where a judgment for plaintiffs was entered on September 20, 1920, defendants not appearing nor offering any testimony, and on March 16, 1921, defendants filed a motion to set it aside, under Civil Code of 1913, paragraph 600, providing that a judgment may be vacated within six months after entry if taken against a party through mistake or excusable neglect, which motion was heard on April 25th, it was error to grant it on May 1, 1921, as the court at that time had lost jurisdiction of the cause.

APPEAL from an order of the Superior Court of the County of Maricopa setting aside a judgment. R. C. Stanford, Judge. Order reversed and judgment directed to be reinstated.

Messrs. Armstrong, Lewis & Kramer, Mr. J. Early Craig, and Mr. James R. Moore, for Appellants.

Mr. W. J. Galbraith and Mr. George R. Hill, for Appellees.

ROSS, C. J.—The plaintiffs, who are the appellants here, on July 11, 1918, filed suit against the defendants, who are the appellees here, for $800 rental for pasturage. The defendants answered by general denial July 19, 1918. The trial of the case was continued from time to time until September 20, 1920, on which day the court heard plaintiffs' evidence, and, defendants not appearing nor offering any testimony, rendered judgment for plaintiffs for their full demand.

On March 16, 1921, defendants filed their motion to set aside judgment and for an order relieving them therefrom, upon the grounds that judgment was taken "through mistake, inadvertence, and surprise or excusable neglect." This motion was supported by the affidavit of defendants' attorney, but since the motion was not acted upon until after the court had lost jurisdiction of it, it is not necessary to determine whether it stated facts showing grounds justifying or requiring vacation of the judgment.

The fact is, the motion to set the judgment aside was not heard until April 25, and was not granted until May 1, 1921, seven and one-half months after the entry of the judgment. At the time the court passed upon the motion to vacate the judgment it had lost jurisdiction of the motion. The court's power to relieve a party from a judgment, order, or other proceeding, or to modify or set aside a judgment, order, or proceeding, under paragraph 600, Civil Code of 1913, being the paragraph relied upon by defendants, must be exercised within six months after the

making or entry thereof. *Leeker* v. *Leeker, ante,* p. 170, 202 Pac. 397; *Rico Consolidated Mining Co.* v. *Rico Exploration Co., ante,* p. 389, 204 Pac. 138.

The order vacating the judgment should be set aside and judgment reinstated. The cause is remanded, that action may be had in accordance herewith.

McALISTER and FLANIGAN, JJ., concur.