[Civil No. 2209.   Filed February 17, 1925.]

[233 Pac. 583.]

WESTERN INDEMNITY COMPANY, a Corporation, Appellant, v. EDWARD KENDALL, Appellee.

1. APPEAL AND ERROR—ORDER DENYING MOTION TO VACATE JUDGMENT AND SET ASIDE DEFAULT HELD APPEALABLE, THOUGH ENTERED AFTER TIME PROVIDED IN STATUTE HAD EXPIRED.—Where trial court had jurisdiction at time of motion to vacate judgment, an order denying such motion was appealable, whether made before or after time provided by Civil Code of 1913, paragraph 600, since the court's failure to act within such time was as a matter of law, a denial of the motion.

2. GARNISHMENT—IMMATERIAL WHETHER DEFAULT PROPERLY ENTERED,
WHERE GARNISHEE HAD FILED NO ANSWER.—Whether default was
properly entered on garnishee's failure to meet an issue tendered
in garnishment proceedings was immaterial, where garnishee had
filed no answer and was in default, even though it had not been
entered.

3. GARNISHMENT—ANSWER FILED AFTER DEFAULT WOULD HAVE BEEN
STRICKEN ON MOTION.—Where garnishee was in default by failure
to file answer, if answer had been filed after default it would have
been stricken on motion.

4. JUDGMENT—JUDICIAL DISCRETION MUST BE EXERCISED ON RE-
QUEST TO FILE ANSWER AFTER DEFAULT.—Court must exercise
judicial discretion when leave to file an answer after default is
asked.

5. REMOVAL OF CAUSES—STATE COURT LOSES JURISDICTION WHEN PETI-
TION TO REMOVE IS FILED.—When a petition is filed for removal
of a cause to federal court, state court loses jurisdiction if cause
is a proper subject of removal and any order made by state court
thereafter is void.

6. REMOVAL OF CAUSES—ACTS OF STATE COURT MADE IN INTERVAL BE-
TWEEN REMOVAL TO FEDERAL COURT AND REMAND ARE VALID.—On
removal of a cause from state court to federal court, if it after-
wards appears that cause was not a proper one for removal and is
remanded by federal court, any act of state court made in interval
is valid.

7. GARNISHMENT—STATE COURT HELD NOT TO ABUSE DISCRETION IN RE-
QUIRING GARNISHEE BEFORE ANSWERING TO ABANDON PETITION FOR
REMOVAL TO FEDERAL COURT.—State court did not abuse its dis-
cretion in requiring as a condition to garnishee being allowed to
answer issue in garnishment proceedings after default, that it
abandon its petition for removal of cause to federal court.

8. GARNISHMENT—REFUSAL TO VACATE JUDGMENT AND SET ASIDE DE-
FAULT ON MOTION MADE AFTER REMAND HELD NOT ERRONEOUS.—
State court which did not abuse its discretion in requiring as a
condition to garnishee being allowed to answer in garnishment pro-
ceedings after default that it should abandon its petition for re-
moval of cause to federal court did not err in refusing to vacate
judgment and set aside default when motion was made after cause
was remanded from federal court.

---

5. See 23 R. C. L. 780.   6. See 23 R. C. L. 781.   7. See 15
R. C. L. 722.   8. See 15 R. C. L. 720.

See (1) 3 C. J., p. 600 (1926 Anno.).   (2) 28 C. J., p. 334 (1926
Anno.).   (3) 28 C. J., p. 289.   (4) 28 C. J., p. 289 (1926 Anno.).
(5) 34 Cyc., p. 1306.   (6) 34 Cyc., p. 1308.   (7) 28 C. J., p. 289
(1926 Anno.).   (8) 28 C. J., p. 338.

APPEAL from a judgment of the Superior Court of the County of Maricopa. Dudley Windes, Judge. Affirmed.

Mr. Richard E. Sloan, Mr. Greig Scott and Mr. C. R. Holton, for Appellant.

Messrs. Jennings & Strouse, for Appellee.

LOCKWOOD, J.—On February 20, 1922, Edward Kendall, hereinafter called the plaintiff, secured judgment in the superior court of Maricopa county against Silver King of Arizona Mining Company, a corporation, for $20,000. On September 29th of the same year he caused a writ of garnishment to be issued on the judgment against Western Indemnity Company, a corporation, hereinafter called the defendant.

Defendant answered the writ denying generally any indebtedness to the Silver King Mining Company, on the twentieth day of October, 1922, and on the same date filed a petition for removal to the federal district court of Arizona. Plaintiff, on the 30th of October, demurred to the petition for removal, and on November 4th filed an affidavit and tendered issue controverting answer of garnishee, under the provisions of paragraph 1447, Revised Statutes of Arizona of 1913 (Civ. Code). On the 14th of November it was stipulated defendant should have until the 24th of November to answer the tender of issue. The superior court sustained the demurrer of plaintiff to the petition for removal, and on the 17th of November defendant filed a certified copy of the record in the federal court, and on the 24th of November filed an answer to the tender of issue made by plaintiff in the said federal court, which was duly served on plaintiff's attorneys. No an-

swer, however, was filed in the superior court, and
on the 25th of November, at the request of plaintiff,
the clerk of the superior court of Maricopa county
entered a default against defendant.

On December 9th the matter came on for hearing
in the superior court, on the issue in garnishment.
The court sent word to defendant's counsel, C. R.
Holton, Esq., of the hearing, and the latter was pres-
ent in court through the entire proceeding. There
was a general discussion between Mr. Holton, coun-
sel for plaintiff, Judge Struckmeyer, and the court
to which we will refer later. Evidence was offered
and the court rendered judgment against the gar-
nishee for $10,000.

On March 30, 1923, the United States District
Court remanded the case to the superior court of
Maricopa county, and the defendant moved to vacate
the judgment of the superior court against it, and
tendered an answer to the issue in garnishment.
The superior court, on the 12th of June, 1923, de-
nied said motion (annexing a condition that plaintiff
remit a certain part of the judgment, which was
duly done) on the ground the answer did not set
up a meritorious defense to the balance of the judg-
ment. Defendant appeals from the order denying
the motion to vacate the judgment and set aside the
default.

Plaintiff has moved to dismiss the appeal for want
of jurisdiction in this court, on the ground that the
superior court on June 12, 1923, when it made its
order denying the motion to vacate the judgment,
had lost jurisdiction of the proceedings under para-
graph 600, Revised Statutes of Arizona of 1913 (Civ.
Code). He cites the case of *Leeker* v. *Leeker*, 23
Ariz. 170, 202 Pac. 397, recently decided by this
court, and argues that if the superior court had
no jurisdiction to order the judgment vacated, the

appeal does not lie from the refusal to make such an order. Counsel overlooked, however, that the superior court, at the time the motion was made, had such jurisdiction and only lost it, if at all, through the lapse of time. As was pointed out by us in *Yutich* v. *Tovrea*, 24 Ariz. 41, 206 Pac. 595, the effect of a failure or refusal to act on a motion for new trial was, as a matter of law, the overruling of the motion, and the court in that case considered the appeal as though from an order denying the new trial. We think this an analogous situation.

If no appeal lay under these circumstances, the trial court, by neglect or refusal to act in the time provided by statute, could entirely prevent any appeal. If it had jurisdiction on the 12th of June, there was an appealable order made on that date. If it lost jurisdiction on the 9th of June by lapse of time, the motion still being pending, was overruled in effect by operation of law, as of that date. The motion to dismiss the appeal is denied.

The first question raised on the appeal is whether the clerk has a right to enter a default on the failure of the garnishee to meet an issue tendered in garnishment proceedings. It is not necessary, however, that we pass on this point. Defendant had filed no answer and was in default, even though it had not been entered. Had the answer been filed even after default it could not have been disregarded. *Pritchard* v. *Huntington*, 16 Wis. 569. It would, however, have been stricken on motion. 31 Cyc. 633.

The court had called the case for trial, and defendant asked leave to file an answer. If the answer would have been stricken on motion had defendant actually filed it without leave of court, certainly, on objection by plaintiff, the court could in its discretion

refuse to receive it as it was not required to do a vain thing.

But, of course, it must be a judicial discretion and not an abuse thereof, when leave to file an answer after default is asked. Did the court abuse its discretion? It was asked by Mr. Holton that the default be set aside, and defendant be allowed to file an answer. Counsel for plaintiff agreed that this might be done, provided that defendant would waive its attempt at removal to the federal court. There was some argument back and forth, but it is very clear that plaintiff insisted, before defendant be allowed to answer in the superior court after its time had expired, it should waive any right to removal to the federal court. Defendant insisted with equal strenuosity that it would waive nothing on its right to removal, whereupon the court proceeded with a hearing of the case, and in effect denied leave to file answer unless the waiver was made. Was this an abuse of discretion? It will be noted that defendant was not asked to waive any rights whatever of defense, but was merely required to accept the state court as the forum where those rights should be adjudicated. The right of removal on the ground of diverse citizenship is granted by the federal statutes in a number of cases. It does not in any manner change the law upon which the case will be tried, the federal court enforcing the same rights that would be enforced in a state court.

When a petition is filed for removal, the state court loses jurisdiction of the case, provided that it is a proper subject of removal, and any order made by it thereafter, is void. *Marshall* v. *Holmes,* 141 U. S. 589, 35 L. Ed. 870, 12 Sup. Ct. Rep. 62 (see, also, Rose's U. S. Notes).

If, however, it afterwards appears that it was not a proper cause for removal, and the matter is re-

manded by the federal court, any act of the state court made in the interval is valid. *Yankaus* v. *Feltenstein,* 244 U. S. 127, 61 L. Ed. 1036, 37 Sup. Ct. Rep. 567.

Plaintiff's position on the hearing was that defendant was entitled to one trial on the merits, but that it was not fair it should be allowed to defend on the merits in the state court, and then if the decision was against it, proceed with its petition for removal in the federal court, with the hope and possibility that the action of the state court might be held void, and that it should have another right to be heard on the merits in the federal court. Defendant's position was that it should be allowed to do this very thing.

A man is entitled to the right of one day in court, but we do not feel he is necessarily entitled to two. When he has originally the choice of two distinct tribunals in which to make the same defense, and is warned, after he is in default in one of those tribunals, that he will not be allowed to make a defense there without waiving a second chance on the same issue in another court of co-ordinate rank, and refuses to waive his right in the second court, it is not, in our opinion, an abuse of discretion for the first court to refuse to grant him what is not the right, but under these circumstances, the privilege, of answering. *Hickman* v. *M., K. & T. R. R.,* 151 Mo. 644, 52 S. W. 354.

There was no abuse of discretion in the action of the superior court of Maricopa county in requiring, as a condition to defendant being allowed to answer the issue in garnishment, that it should abandon its petition for removal to the federal court. This being true, it follows with even greater force that the trial court did not err in refusing to vacate the

judgment and set aside the default, when the motion was made after the case was remanded.

It is true it has been held to be an abuse of discretion to refuse to set aside a default and allow a defendant to answer when a reasonable excuse for the default is shown, and a defense on the merits, but where defendant has been given one opportunity to do this, and with full knowledge decides to risk his fortunes on another procedure, he certainly is not entitled of right to a second chance.

For the foregoing reasons, we find no error in the refusal of the superior court of Maricopa county to vacate the judgment and set aside the default referred to, and the judgment is affirmed.

McALISTER, C. J., and ROSS, J., concur.