[Civil No. 2665. Filed February 13, 1928.]

[264 Pac. 101.]

L. E. HEWINS and the HARTFORD ACCIDENT & INDEMNITY COMPANY, Appellants, v. JOSEPH WEILER, Administrator With the Will Annexed *de Bonis Non* of the Estate of WILHELM ENGEL, Deceased, Appellee.

Mr. Samuel White and Mr. M. L. Ollerton, for Appellants.

Mr. E. B. Goodwin and Miss Alice M. Birdsall, for Appellee.

LOCKWOOD, J.—Appellee herein, before the case was submitted on the merits, moved to dismiss this appeal. The motion was granted, but, appellants having moved to set aside the order dismissing, and it appearing that they had not had notice of the motion to dismiss as required by the rules, the appeal was reinstated. On its submission on the merits appellee has renewed his motion to dismiss.

It appears from the record herein that on the seventeenth day of September, 1926, the trial court entered an order approving and confirming the report of a referee and settling the account of L. E. Hewins, as administrator of the estate of Wilhelm Engel, deceased. On the twenty-seventh day of September the said Hewins and Hartford Accident & Indemnity Company, a corporation, the surety on his bond, filed separate motions to set aside and vacate said order. On the twenty-sixth day of October the said motion to set aside and vacate was heard and submitted to the court, and by it taken under advisement. Thereafter, and on the twenty-second day of April, 1927, the court made and entered an order denying the motions. On the twenty-fourth day of May, 1927, the said Hewins and Hartford Accident & Indemnity Company gave notice of appeal from said order of April 22d, 1927.

It is urged by appellee, as ground for his motion to dismiss, that the appeal was not taken within the time fixed by statute. The portions of the 1913 Civil

Code of Arizona affecting this question read as follows:

"599. Any court of record in this state may, in its discretion, permit an answer or reply to be made or other act to be done after the time limited therefor by law, or by its order may enlarge such time, but nothing in this section shall be held to authorize an extension of the time within which an appeal may be taken or perfected in a civil action.

"600. The court may, *any time within six months* after the making or entry of any judgment, order or other proceeding, relieve a party from any such judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect; *or may, for good cause shown, modify or set aside its judgments, orders or proceedings.*" (Italics ours.)

"1233. An appeal may be taken from a final judgment of the superior court in a civil action, or special proceeding commenced in such court, at any time within *six months* after the rendition of such judgment, and from any other judgment or order at any time within *sixty days* after the making of such order.". (Italics ours.)

It appears from the record that the original order which it is desired that this court should review was made on the seventeenth day of September, 1926. A motion was made by defendant to vacate such order. Under paragraph 600, *supra,* the court had six months within which it might have vacated it. We have construed this paragraph in the case of *Leeker* v. *Leeker*, 23 Ariz. 170, 202 Pac. 397. Therein we say:

"The language employed in paragraph 600 has reference to the time within which the court may modify or vacate the judgment, and not to the time its jurisdiction is invoked to do so. It says:

" 'The court may (at) any time within six months after the making or entry of any judgment . . . for good cause shown, modify or set aside its judgments. . . . '

"The preceding paragraph, 599, authorizes the court to extend or enlarge the time within which certain things may be done but provides that in no event shall the time in which to take or perfect an appeal in a civil action be extended. The two paragraphs, 599 and 600, make up chapter 20, title 6, to the Civil Code. They are quite as intimately related to each other as if they were but one paragraph or section. Indeed they were taken from section 7786, General Statutes of Minnesota of 1913, with but slight changes.

"If a court may hold a motion to modify or vacate a judgment for more than six months before passing upon the same, he may do what paragraph 599 expressly, and what paragraph 600 impliedly, forbids. If a party dissatisfied with a judgment against him, by filing a motion to have the same vacated, may confer jurisdiction upon the court to pass upon the same one day after the six months has expired, the jurisdiction would exist twelve months thereafter, and thus the aggrieved party could suspend the finality of the judgment indefinitely, and long beyond the period allowed by the statute in which to perfect an appeal from a judgment. . . .

"We conclude that the legislative intent was that the motion to modify or vacate a judgment under paragraph 600, *supra*, must not only be made within the six months, but that the court's jurisdiction to pass upon the same is limited to that time."

See, also, *Rico Con. Min. Co.* v. *Rico Ex. Co.*, 23 Ariz. 389, 204 Pac. 138.

And in the case of *Western Indem. Co.* v. *Kendall*, 27 Ariz. 342, 233 Pac. 583, we held that a motion to vacate the judgment, if not passed on by the court sooner, was overruled by operation of law as of six months from the date of rendition of the judgment. Therefore the motion to vacate the order of September 17th, 1926, was denied by operation of law on the seventeenth day of March, 1927.

Under paragraph 1233, *supra*, an appeal might have been taken from this automatic denial of the motion to vacate not later than the seventeenth day of May,

1927. The notice of appeal stated that it was taken "from that certain order made and entered in the above-entitled cause in said court on the 22d day of April, 1927, by which said order the above named court denied the motion . . . to set aside the order and decree of contest of the first and final accounts of L. E. Hewins, made and entered September 17th, 1926, and from the whole thereof."

As we have pointed out, on the twenty-second day of April, 1927, the court had lost jurisdiction to make any order whatever on the motion to vacate, as that motion had been overruled by operation of law March 17th, 1927, and the order of April 22d was void, and of no effect whatever. Since the finality of the order of September 17th rests on the automatic overruling of the motion as of March 17th, and not on the order made April 22d, the question presented by the appeal is a moot one only. Even if the notice be taken as a notice of appeal from the order made by operation of law on the 17th of March, it was too late by seven days.

Since the time within which an appeal may be taken cannot be extended, the motion of appellee to dismiss the appeal is well taken, and is therefore granted. Appeal dismissed.

ROSS, C. J., and McALISTER, J., concur.