[Civil No. 2693. Filed July 16, 1928.]

[269 Pac. 80.]

ABELARDO J. VAZQUEZ, Appellant, v. GRACE
DREYFUS, Appellee.

Messrs. Noon & Noon, for Appellant.

Messrs. Norris, Norris & Flynn, for Appellee.

LOCKWOOD, J.—Abelardo J. Vazquez, herein-
after called plaintiff, on July 13, 1921, brought suit
against Grace Dreyfus, hereinafter called defendant,
to have a certain deed given by him to defendant
declared void for lack of consideration. T. F.
O'Brien and Fred H. Luth, who were attorneys
residing in Los Angeles, California, filed an answer

for the defendant on August 30th, 1921. On October 23d, 1922, on motion of plaintiff the case was set for trial for October 31st, and a notice of such setting was mailed by the clerk of the court to defendant's counsel at the address given on the answer. This notice was never returned. The case did not come on for trial at the time set, nor were defendant or her counsel present on that date. On January 15th, 1923, at the request of plaintiff, the case was set for trial for January 30th, and defendant's counsel were again notified by mail of the setting in the same manner as before. On January 30th the case came on for trial, plaintiff and his counsel being present, but, there being no appearance on behalf of defendant, the court, after hearing the evidence, rendered judgment in favor of plaintiff as prayed for in his complaint.

No further action was taken in the case for almost four years; but on March 26th, 1927, defendant filed a motion to vacate and set aside the judgment rendered in 1923. Said motion reads as follows:

"Comes now Grace Dreyfus, defendant in the above-entitled action, and moves the court to vacate and set aside the judgment heretofore rendered and entered in the above-entitled action and relieve her therefrom, upon the ground and for the reason that the same was rendered and entered upon a trial of said action at which defendant was neither present in person nor represented by counsel because she and her counsel in said action had no notice or knowledge whatsoever of said trial nor that said action had been set for trial."

The motion was supported by the affidavits of both Luth and O'Brien to the effect they had never received any notice of a setting of the case for trial. Plaintiff thereupon moved to dismiss the above motion of defendant, and also demurred and filed a plea in abatement thereto. These pleas were all based on the claim that the court had no jurisdiction of de-

fendant's motion. On May 3d, 1927, the court denied plaintiff's motion to dismiss defendant's motion to vacate the judgment, overruled the demurrer and plea in abatement, and set aside the judgment of January 30th, 1923; and from each and all of the orders of the court then made plaintiff has appealed.

There are some four assignments of error, but we need discuss only the first, which is that the court erred in denying plaintiff's motion to dismiss defendant's motion to vacate and set aside the judgment. The judgment vacated was rendered on January 30th, 1923. The record shows affirmatively that defendant had appeared and answered in the case, and that notice had been given to her attorneys in the usual manner that the case was set for trial. It is the position of plaintiff that six months after the rendition of such judgment the trial court lost jurisdiction to modify or vacate the judgment except upon allegation and proof of fraud committed in the securing thereof. Defendant insists, however, that the court has the inherent power to vacate a judgment for good cause shown at any time after its rendition, and that such good cause was shown in the present case.

Paragraph 600, Revised Statutes of Arizona of 1913, Civil Code, governs the right of a trial court to modify or set aside its judgments, orders or other proceedings. It reads as follows:

"600. The court may, any time within six months after the making or entry of any judgment, order or other proceeding, relieve a party from any such judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect; or may, for good cause shown, modify or set aside its judgments, orders or proceedings."

This paragraph has been construed by us repeatedly since 1913. In the case of *Leeker* v. *Leeker*, 23 Ariz. 170, 202 Pac. 397, we said:

"We conclude that the legislative intent was that the motion to modify or vacate a judgment under paragraph 600, *supra,* must not only be made within the six months, but that the court's jurisdiction to pass upon the same is limited to that time."

In *Rico Cons. Min. Co.* v. *Rico Explor. Co.,* 23 Ariz. 389, 204 Pac. 138, we again discussed the question thus:

"However, in *Leeker* v. *Leeker,* 23 Ariz. 170, 202 Pac. 397, it was held that the court lost jurisdiction to pass upon such motion, *even though it show good cause,* after the expiration of six months from the date of making or entry of judgment. This order was made January 31, 1921, which was considerably more than six months from June 21, 1920, the date of judgment, and at a time when the court had lost jurisdiction of it." (Italics ours.)

The language in *Condos* v. *Superior Court,* 29 Ariz. 186, 239 Pac. 1032, reads:

"It is a general rule of the common law that all the judgments, decrees, or other orders of a court, however conclusive in their character are in its control during the term at which they are rendered, and may during that term be set aside, vacated or modified, by that court. [Citing cases.] *And the only limitation in Arizona is that the action must be taken within six months.*" (Italics ours.)

In *Paul* v. *Paul,* 28 Ariz. 598, 238 Pac. 399, we again considered the matter, and used the following words:

"A party against whom a judgment has been rendered must pursue one of the modes provided by statute, if he feels himself aggrieved, to have it modified, vacated, or set aside, and he must do so within the time and in the manner stipulated in the law. *Leeker* v. *Leeker,* 23 Ariz. 170, citing page 177, 202 Pac. 397. The motion to vacate the order of dismissal was filed nearly two years after the date of dismissal and long after the six months' period had expired. The superior court lost jurisdiction after the time for appeal expired. It could not be

otherwise. The effect of an opposite ruling would be practically to nullify or repeal the statutory limitation for taking appeals from judgments, and, as a precedent, result in such confusion in practice, and work such havoc in vested rights accruing under the highest judicial sanction known to the law, that we cannot approve of so obviously unjust and illogical a conclusion. And we hold that, when the effort to vacate the judgment of dismissal in this case was made, the time to appeal having expired, it was too late to grant the relief sought. *Gallagher* v. *Irish American Bank,* 79 Minn. 226, 81 N. W. 1057, citing *Leeker* v. *Leeker,* 23 Ariz. 179, 202 Pac. 397. We conclude the court's jurisdiction to pass on the motion to vacate is limited to that time shown in paragraph 600, Civil Code Arizona 1913, and the order of the trial court denying the motion to vacate the judgment of dismissal for lack of jurisdiction was proper and correct.''

We again reviewed the whole question in *Hewins* v. *Weiler,* 33 Ariz. 283, 264 Pac. 101, and, after reviewing our previous decisions and the reasons therefor, again came to the same conclusion. The issue was also raised in *Sam* v. *State,* 33 Ariz. 421, 265 Pac. 622, and we held that the statute, with that construction, applied to criminal as well as civil cases.

It would seem, in view of this long line of decisions, that the rule was definitely settled in this jurisdiction, but it is again before us on an appeal from an order of the superior court granting a motion to vacate a judgment nearly four years after the judgment was rendered. The reason for the rule is obvious. As a matter of public policy, a judgment must at some time become final, for if it were not so, there could never be any certainty as to the rights acquired thereunder. Under the common law that time was fixed at the expiration of the term in which the judgment was rendered, while under the statute, since we no longer have terms, the legislature fixed it at six months after the rendition of judgment.

There is one, and only one, exception to this rule. Fraud vitiates everything which it touches, and when fraud has been committed by the party in whose favor the judgment was rendered, it may be vacated at any time upon a proper showing made by the injured party. In the present case we have set forth the motion to vacate and nowhere therein is there an allegation of any fraud committed by plaintiff in securing the judgment. Such being the case, the trial court had lost all jurisdiction to modify or vacate the judgment complained of, and plaintiff's motion to dismiss defendant's motion to vacate such judgment should have been granted. The order of the superior court last made is reversed and the case remanded, with instructions to dismiss defendant's motion to vacate the judgment of January 30th, 1923, on the ground that the superior court of Santa Cruz county has lost jurisdiction thereof.

ROSS, C. J., and McALISTER, J., concur.