## LEVINE v BUICK-OLDS-PONTIAC SALES CO et (2 cases)

Ohio Common Pleas, Hamilton Co

Nos A-45421 & A-45422

Decided May 27, 1935

## OPINION

By GORMAN, J.

Dolle, O'Donnell & Cash, Cincinnati, for the motions.

Gilbert Bettman, Cincinnati, and Raymond S. Powers, Cincinnati, contra.

The plaintiffs make several claims in reference to this second motion. The removal of the causes to the Federal Court was not an entry of appearance which prevented the defendant company from attacking the process in that court nor in this court.

Michigan Central R. C. Co. v Mix, 278 U. S., 492.

Wabash Railway Co. v Brow, 164 U. S., 271.

The United States Court having remanded these causes to the Court of Common Pleas of this county, the effect was the same as if they had never been removed.

Thatcher v McWilliams, 21 Ore., 136.

Western Indemnity Co. v Kendall, 27 Ariz., 342.

It is claimed that having removed the causes, argued the motions and it then being remanded, that such proceedings prejudiced the plaintiffs, inasmuch as the defendant company was given the opportunity to reargue the matter before this court, upon different lines. This court has never conceived it to be the duty of any court merely to act as a referee to a legal sparring match. The prime purpose of any court is to decide the issues as they appear, and not to regulate conduct of counsel so that an even bout may be witnessed by the public.

If the service upon the defendant company is invalid, no bona fide judgment can be secured by the plaintiff. If therefore, the motions of March 5, 1935 were filed before the order of remand was actually upon record, the court feels it should treat the motions as properly filed. If not filed properly, the court would grant leave to refile them, as of this time, inasmuch as the question of an improper service having been filed, and there being no general entry

of appearance, it is essential for both parties that this issue be decided at once. If the service is invalid, in the absence of an entry of general appearance or waiver of service by the defendant company, no further valid proceedings can be taken by the plaintiffs.

On the other hand, if this cause of action arose in this county, and service was properly made upon the Secretary of State for the defendant company, a foreign corporation, then the motions to quash should be overruled.

Under the provisions of §6308 GC, the causes involving an alleged injury caused by the negligent operation of a motor vehicle in this county, were properly instituted in this court. The Buick-Olds-Pontiac Sales Company being a foreign corporation, surrendered its license to do business in this state, on February 27, 1934, in accordance with the provisions of §8625-20 GC.

We have therefore to determine whether or not service upon a foreign corporation which has surrendered its license can be made upon the Secretary of State.

From August 6, 1931 up to October 3, 1933, our Corporation Code provided:

"The surrender by a corporation of its license shall not affect any pending action nor any cause of action upon any liability or obligation of such corporation incurred within this state prior to the filing of such certificate." (§8625-20 GC).

This section was amended, and stricken from the statute by the General Assembly. In its place there was enacted the last paragraph of §8625-21 GC effective October 3, 1933:

"The cancellation or expiration of a license of a foreign corporation to transact business in this state shall not affect any pending action upon any liability or obligation of such corporation within this state or arising out of business transacted in this state prior to the filing of such certificate."

It will be noticed that in the re-enactment of the statutes governing the withdrawal of foreign corporations from this state, the words "cause of action" were omitted. This amendment was effective October 3, 1933, and service was not made upon the Secretary of State until October 1934, therefore the latter statute is controlling in these causes.

There is no doubt in the mind of the court that if the repeal of this section

stood alone, the motion of the defendant company would be well taken, and the service would be invalid. Under the ruling in Smith v New York Central R. R. Co., 122 Oh St, 43, the term "pending action" could not be construed to include a cause of action.

These actions, which were not filed until October 13, 1934, were not pending on February 27, 1934, when the defendant company surrendered its license. A detailed examination of the corporation statutes seems pertinent.

The provisions of the code in effect are as follows:

Sec 8625-19, GC:

"The secretary of state shall be the agent of a foreign corporation, whether heretofore or hereafter licensed to do business in this state, upon whom process against it from any court in this state or from any public authorities may be served within this state in the event that the designated agent cannot be found or if the corporation shall have failed to designate another agent when required to do so under this act, or if the license of a corporation to do business in this state has expired or has been cancelled. Pursuant to this service, suit may be brought in the county where the principal office of the corporation in this state is or was located, or in any county in which the cause of action arose. Such service shall be made upon the secretary of state by leaving with him, or with an assistant or deputy secretary of state, triplicate copies of such process and a fee of five dollars which shall be included as taxable costs in the case of judicial proceedings. Upon receipt of such process and fee the secretary of state shall forthwith give notice by telegraph to the corporation, both at its principal office and at its principal office in this state, of the service of such process, and shall forward to each of such offices by registered mail, with request for return receipt, a copy of such process, and shall retain a copy in its files.

"The secretary of state shall keep a record of all such process served upon him and shall record therein the time of such service and his action thereafter with respect thereto.

"Nothing herein shall limit or affect the right to serve process upon a foreign corporation in any other manner permitted by law."

Sec 8625-20 GC:

"A foreign corporation may surrender its license upon complying with the requirements of §5495-2 GC by filing with the sec-

retary of state a certificate of surrender signed by its president, vice president, secretary or treasurer, or by the receiver, trustee in bankruptcy, or other liquidator of such corporation setting forth:

"(1) The name of the corporation and of the state under the laws of which it is incorporated;

"(2) That it surrenders its license;

"(3) The address to which the secretary of state may mail any process against such corporation that may be served upon him, and any other notices, certificates or statements.

"In lieu of filing such certificate of surrender, there may be filed a certificate of the secretary of state or other proper official of the state under the laws of which the corporation is incorporated, certifying that said corporation has been dissolved, or its corporate existence otherwise terminated, or a certified copy of an order of court terminating the existence of such corporation, but such certificate shall be accompanied by the information required by paragraph 3 above.

"For filing any such certificate or order of court hereunder there shall be paid to the secretary of state a filing fee of ten dollars.

"The secretary of state shall thereupon cancel the license of such corporation and shall make a notation thereof upon his records and shall mail to the corporation a certificate of his action so taken."

It will be noticed in the latter section that a foreign corporation "may surrender its license" by filing a certain certificate with the Secretary of State. The mere filing of the certificate does not withdraw the corporation from the state, and does not necessarily render the corporation immune from service. The section specifically provides that "the secretary of state shall thereupon cancel the license of such corporation and shall make a notation thereof upon his records."

If the filing of the certificate did not comply with law, the Secretary of State could demand further evidence or amendments to it. The act of the corporation itself does not withdraw the corporation from the state. Rather it is the filing of the certificate by the corporation, and the cancellation of the license by the Secretary of State.

If this is a correct interpretation of the statute, then every foreign corporation which voluntarily files its certificate is considered in the same category as a corporation whose license has been cancelled, for under the express provisions of §8625-20 GC, the Secretary of State "shall thereupon cancel" its license.

Under such circumstances the defendant company, The Buick-Olds-Pontiac Company, on or about February 27, 1934, after filing its certificate, had its license cancelled by the Secretary of State. By reason of the provisions in the first sentence in §8625-19 GC, the Secretary of State became the agent of the defendant company inasmuch as he is so designated, "if the license of a corporation to do business in this state has expired or has been cancelled."

It is contended that such a construction disregards and renders nugatory the repeals and amendments contained in §§8625-20 and 8625-21 GC, effective October 3, 1933. If, for example, the section of §8625-21 GC were repealed, the provisions of §26, GC would apply to all pending actions. §8625-21 GC is essential as it preserves the right as to pending actions even though its repeal today would not have any effect since all pending actions would continue to be in force by the provisions of §26 GC.

The mere fact that former §8625-20 GC specifically saved all rights as to causes of action even if it duplicated the provisions of other sections, does not impress the court. The court is to determine the meaning of the statutes as they now exist, and inasmuch as the Secretary of State must cancel the articles when there is a voluntary surrender makes such surrender and subsequent action by him a cancellation just the same as if he had entered a cancellation for cause. The statute makes no distinction between a cancellation whether due to the voluntary or involuntary action of the corporation so far as service of summons is concerned.

The motion to quash must therefore be overruled.