[Civil No. 3813. Filed June 14, 1937.]

[69 Pac. (2d) 240.]

HARTFORD ACCIDENT & INDEMNITY COMPANY, a Corporation, Appellant, v. HAZEL SORRELLS, JOSEPH AHIRA SORRELLS, ROY SORRELLS, OZELLA SORRELS, Individually, and OZELLA SORRELLS, as Administratrix of the Estate of J. R. SORRELS, Deceased, Appellees.

Messrs. Conner & Jones, for Appellant.

Mr. Duane Bird and Mr. Thomas L. Hall, for Appellee Hazel Sorrells.

ROSS, J.—This appeal is from an order refusing to vacate an order dismissing case No. 1466 in the

superior court of Santa Cruz county, entitled: Laura S. Bergier, Guardian of the Estate of Fredie Lee Sorrells, Robert Leslie Sorrells, and Joseph Ahira Sorrells, Minors, Plaintiff, v. Roy Sorrells, Hazel Sorrells, Ozella Sorrels, Individually, and Ozella Sorrels as Administratrix of the Estate of J. R. Sorrels, Deceased, Defendants.

The action was commenced April 27, 1923, by Otto H. Herold, the guardian of the estates of said minor children, through his attorneys Duffy & Robins, to recover judgment against defendants on their written promise, of the —— day of November, 1920, under certain conditions to pay him as such guardian the sum of $21,500. On May 16, 1923, defendants, through their attorneys Fitzpatrick & Pollock, filed motions, pleas, demurrers, and an answer to the complaint. Herold resigned as guardian and on January 28, 1924, Bergier was substituted as plaintiff and was such guardian when the order sought to be vacated was made.

The next record in the case is the minute entry of the court, dated January 7, 1929, in these words:

"It is ordered that this case be and the same is hereby dismissed without prejudice for lack of prosecution."

The petition to vacate this order was filed by the appellant, Hartford Accident & Indemnity Company, surety on Bergier's bond as guardian, on October 23, 1935, more than six years after the case was dismissed. No question is made as to the right of the surety to move for vacation of this order and for that reason we do not think it necessary to set forth the facts showing its interest. Its interest is apparent if through the negligence of Bergier as guardian in prosecuting said action to judgment the minors or any of them suffered a loss. The record

is silent as to whether such order was made on motion of defendants' attorneys or on the court's own motion. It is contended by appellant the court was without jurisdiction to make the order of its own motion, and it is further contended that the wording of the order shows it was made on the court's motion. The court heard evidence on this point and made a finding thereon as follows:

"That said order of dismissal was duly and regularly made and entered by the above entitled court in the above entitled action (No. 1466, *supra*) in open court on said January 7, 1929, at a regular call of the calendar of said court in the presence of attorneys appearing for and representing all the parties to the above entitled action; that all of said parties to said action had received prior to said date actual notice that upon such date at said call of the calendar of the above entitled court to be then held that said action would be set for trial or dismissed for lack of prosecution. . . . "

The sufficiency of the evidence to support this finding is not raised by any assignment and we must accept it as a recital of the proper and correct inferences to be drawn from the evidence submitted. According to this finding, the attorneys of all the parties were notified in advance "that said action would be set for trial or dismissed for lack of prosecution" and that it was dismissed "in the presence of attorneys appearing for and representing all the parties." Under such finding, it might well be treated as "a consent order" since no one raised any objections to its entry. But, if it be granted that the order of dismissal was made by the court of its own motion for want of prosecution, there is not lacking authority to sustain such action. *Paul* v. *Paul,* 28 Ariz. 598, 238 Pac. 399; *Young Mines Company, Limited,* v. *Blackburn,* 22 Ariz. 199, 196 Pac. 167; *McAllister* v. *Erickson,* 45 Idaho 211, 261 Pac. 242. The court has a right

to require a plaintiff to exercise reasonable diligence in the prosecution of his case and where, as here, he does nothing after filing it for nearly six years, the court had the undoubted right to dismiss it—certainly after giving the notice here given.

We conclude that the court had jurisdiction to make the order of dismissal. We agree with counsel that the court should not exercise such jurisdiction arbitrarily, but in the interests of the due and regular administration of justice. Such order is a final order disposing of the case and may be attacked by a motion for a new trial as provided in section 3847, Revised Code of 1928, or may be vacated and set aside under section 3859 within six months after its entry.

The petition to vacate the order of dismissal was made more than six years after its entry. We have frequently decided that the court is without power to vacate an order or judgment or other proceeding after six months from the date of its entry except for fraud. There is no suggestion of any fraud in this record. *Vazquez* v. *Dreyfus,* 34 Ariz. 184, 269 Pac. 80; *Leeker* v. *Leeker,* 23 Ariz. 170, 202 Pac. 397.

We do not think the court erred in denying the appellant's petition to set aside the order of dismissal dated January 7, 1929, it appearing that the court had jurisdiction to make such order of dismissal and that the petition to vacate such order was not made within six months after the date of its entry as provided by the statute. The order is affirmed.

McALISTER, C. J., and LOCKWOOD, J., concur.