[Civil No. 4814. Filed May 28, 1945.]

[159 Pac. (2d) 307.]

In the Matter of the Estate of THEODORA L. HAY-
WARD, Deceased. J. HARRY NEWTON, Exec-
utor of the Last Will of Said Theodora L. Hay-
ward, Deceased, in Ancillary Probate, Petitioner,
v. SUPERIOR COURT of Mohave County, Ari-
zona, and LEVI S. UDALL, Judge of the Superior
Court of Apache County, Arizona, as Judge of
the Superior Court of Mohave County, Arizona;
WINIFRED VAN HAGEN and WOOLF &
SHUTE, Her Attorneys; and LANGMADE &
LANGMADE, Attorneys for Sayles Gorham, Ad-
ministrator d. b. n., Respondents.

Mr. Carl G. Krook, for Petitioner.

Messrs. Woolf & Shute, and Messrs. Langmade & Langmade, for Respondents.

LaPRADE, J.—J. Harry Newton, executor of the last will of Theodora L. Hayward, deceased, in ancillary probate, sought a writ of *certiorari* in this court to review the proceedings of the superior court of Mohave County, Arizona, wherein an order settling, allowing, and approving the first account and report of the executor was ordered vacated. The writ was issued, requiring a certification to this court of all proceedings had, and commanding and requiring respondents to desist from further proceeding in the matter ordered for review.

The questions presented for our determination are solely legal in nature. The material facts, not being in dispute, may be stated as follows:

On February 4, 1944, said executor, in the discharge of his duties as such, filed his verified first account and report of his administration of said estate, which was set for hearing by the clerk, notice thereof duly given in the manner required by law, and thereafter, to-wit, on February 15, 1944, the day for which said hearing was set, said account and report were duly heard before Honorable J. W. Faulkner, as Judge of said superior court of Mohave County. Evidence was taken in support thereof, and on the same day an order was entered approving, allowing and settling said account and report as presented, which order was filed on February 16, 1944.

The estate consists chiefly of one-half of the residue of the John Watson Thompson estate in Mohave County, Arizona. By decedent's (Theodora L. Hayward's) will, the residue of her estate was left to petitioner and C. D. Haley in trust for the Town of Paonia, Colorado, or the schools thereof. Winifred Van Hagen

was the other distributee of the residue of the John Watson Thompson estate. On May 17, 1944, ninety-two days after the date of the order settling and allowing the executor's first account and report of his administration, a motion was presented and filed by Winifred Van Hagen to vacate and set aside said order of Judge Faulkner of February 15, 1944, under Section 21–1502, Arizona Code Annotated 1939 [Rule 60(b)], alleging as grounds: (1) that the order was improvidently entered, and (2) that through inadvertence and excusable neglect said order was entered in the absence of Winifred Van Hagen and her attorneys, and without any actual notice to any of them of the filing of said account.

On June 2, 1944, the Honorable J. W. Faulkner, as said judge of the superior court of Mohave County, Arizona, assigned the probate cause aforesaid to the Honorable Levi S. Udall, judge of the superior court of Apache County, Arizona, with full jurisdiction on his part to try and determine all matters, issues and proceedings which might arise in said probate cause, and to retain jurisdiction thereof until said estate was formally distributed and closed.

On November 21, 1944, over the objection of the petitioner, the motion to vacate said order was called for hearing by Judge Udall, and on said day was heard and determined. The order of Judge Faulkner of February 15, 1944, settling and approving said account and report was vacated and set aside, and the executor (petitioner) was ordered to file a new account in lieu of his account which had been heard and approved, as aforesaid, and that he should cause such new account and report to be noticed for hearing as provided by law.

On the day ordered for the filing of the new account, petitioner filed objections to the effect that said order of November 21, 1944, vacating the order of Judge Faulkner, was null and void for want of jurisdiction; that the motion to vacate was overruled by operation

of law, and for these reasons the petitioner was not required to file a new account.

Thereafter, to-wit, on March 16, 1945, said Judge Udall filed an order overruling the objections and requiring the executor:

1. To furnish a bond in the sum of $7,500;

2. To comply with the court's order of November 21, 1944, requiring the filing of an amended account and report with proper vouchers in lieu of the account filed February 4, 1944;

3. To file a current account and report, bringing the accounting to December 31, 1944, with vouchers;

4. To keep all tangible personal property of the estate, and all moneys, within the jurisdiction and subject to the order of the superior court of Mohave County until final decree of distribution.

Petitioner set up the following grounds as the basis for the issuance of the writ:

"That petitioner has no right of appeal from said order of November 21, 1944, nor from said order of March 16, 1945, nor has he any other speedy or adequate remedy; that said order of November 21, 1944, and said order of March 16, 1945, were and are illegal and void, and in excess of the jurisdiction vested in said superior court or the judge thereof, for the reasons:

"1. That said order of Judge Faulkner of February 15, 1944, settling said account, was an appealable order;

"2. The court lost jurisdiction of said order on the lapse of the appeal period, that is after 60 days from the date of said order;

"3. The motion to vacate was not filed until May 17, 1944, 92 days after the date of the order settling said account.

"4. The motion to vacate was not heard and determined until November 21, 1944, more than nine months after the date of the order settling said account, and the final order sustaining said motion to vacate was not filed until March 16, 1945, more than one year after the date of the order of settlement of account."

Respondents, by way of response to the writ, filed a motion to quash the writ upon the following stated grounds:

"1. The order of February 15, 1944, referred to in said writ, as appears on the face thereof and by the record and proceedings (the judgment roll) in connection therewith, is (or was) an order that is not within, but is in excess of, the probate authority and jurisdiction vested in superior courts by the laws of the State of Arizona;

"2. In its legal effect, the order entered November 21, 1944, granting the amended motion filed May 29, 1944, to vacate said order of February 15, 1944, and commanding J. Harry Newton, executor, one of the above-named petitioners, to file an amended account and report not later than February 1, 1945, is an order against settling an account of an executor within the meaning of Sec. 21–1702, Arizona Code Annotated 1939, and as such was appealable under the provisions of that section; and

"3. The original motion filed May 17, 1944, and the amended motion filed May 29, 1944, referred to in said writ, are motions of the kind authorized, and were filed within the time specified by Section 21–1502, Arizona Code Annotated 1939 (Rule 60(b), Arizona Rules of Civ. Proc.), and the order of November 21, 1944, granting said amended motion was and is within and is not in excess of the probate authority and jurisdiction vested in superior courts of Arizona by the express terms and the definite words of that section of the statute."

We are of the opinion that the first two grounds of the motion to quash, in view of the record here, are without merit. The merits of the motion filed by Winifred Van Hagen to vacate the order settling and allowing the first account and report of administrator and the merits of the executor's account are not for consideration in this proceeding. The order of Judge Udall on November 21, 1944, vacating the order settling and allowing the administrator's report, and his order on March 16, 1945, requiring the filing

of an amended account and report and a current account and report, if legal, had the effect only of opening the executor's account for a rehearing.

The matter submitted for review is whether our decisions under Section 3859, R. C. 1928, apply to Section 21–1502, Arizona Code Annotated 1939 [Rule 60(b)]; whether the superior court lost jurisdiction of the order of February 15, 1944, on expiration of the appeal period of sixty days; and, whether Judge Udall had jurisdiction over thé order of February 15, 1944, even though the motion to vacate was filed 92 days after February 15, 1944. Judge Udall's order of November 21, 1944, was not entered until over nine months after February 15, 1944, and his order of March 16, 1945, was not entered until some thirteen months after the order of February 15, 1944.

Section 3859, R. C. 1928, was superseded by Section 21–1502, Arizona Code Annotated 1939. *Swisshelm Gold Silver Co.* v. *Farwell,* 59 Ariz. 162, 124 Pac. (2d) 544. The former provides:

"The court may, any time within six months after the making or entry of any judgment, order or other proceeding, relieve a party from any such judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect; or may, for good cause shown, modify or set aside its judgments, orders or proceedings."

Section 21–1502, Arizona Code Annotated 1939 [Rule 60(b)], the present law, provides, in part, as follows:

"On motion the court, upon such terms as are just, may relieve a party or his legal representative from a judgment, order, or proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect. The motion shall be made within a reasonable time, but in no case exceeding six (6) months after such judgment, order, or proceeding was taken. . . . "

 It is the position of respondents that the order of November 21, 1944, granting the motion to vacate was and is within and not in excess of the authority and jurisdiction vested in superior courts of Arizona by the terms of Section 21–1502, Arizona Code Annotated 1939. The Act of February 4, 1939, authorizing the Arizona Rules of Civil Procedure provides that statutes relating to pleading, practice and procedure existing at the effective date of the act shall be deemed rules of court and remain in effect until modified or suspended by rules promulgated pursuant to that act. Laws 1939, Ch. 8, sec. 3, p. 11; Section 19–204, Arizona Code Annotated 1939, Rule 60(b) and the other Rules of Civil Procedure for the superior courts in civil actions are applicable to and govern probate practice and procedure under Chapter 38 (secs. 38–101 to 38–2012, incl.), Arizona Code Annotated 1939, except as otherwise provided in that chapter. Section 38–2007, Arizona Code Annotated 1939. That part of Rule 60(b) above quoted is identical with Rule 60(b) of the new Federal Rules of Civil Procedure, 28 U. S. C. A. following Section 723c. The federal rule is said to have been taken from Section 473, California Code of Civil Procedure, "with some verbal but no substantial changes, except to add the saving provisions contained in the last sentence." 3 Moore's Fed. Prac. under the New Fed. Rules, pp. 3270–3271. Of the limitations as to the time when the motion (application in the California statutes) must be made and when it must be acted on by the court, it is said:

1. " . . . The limitations as to time prescribed by Section 473, Code of Civil Procedure, apply only to the making of the application and not to the subsequent proceedings and are not necessarily the measure of diligence in prosecuting the motion . . . ." 14 Cal. Jur. in sec. 114, p. 1070.

2. " . . . The limitation prescribed by Section 473 of the Code of Civil Procedure is a limitation of the time within which the application must be made, and

not upon the time within which it must be heard or determined. . . . " *Wm. Wolff & Co.* v. *Canadian Pac. Ry. Co.,* 1891, 89 Cal. 332, 26 Pac. 825, at page 827, col. 1.

3. " . . . If the application is made within the six months, the court is free to dispose of it as the exigencies of business and the circumstances of the case, under the guidance of the court, will permit. . . . " *Wm. Wolff & Co.* v: *Canadian Pac. Ry. Co.,* 1899, 123 Cal. 535, 56 Pac. 453, at page 455, col. 2 in par. 3.

4. " . . . There was a period in our judicial history when terms of court were recognized. It was then the established law that a judgment could not be vacated after the adjournment of the term. When, however, a motion for such a vacation was made during the term, and not decided until after the adjournment, the reasoning and the rule was that the jurisdiction was preserved by such motion or other appropriate proceeding, that the decision of the motion could be made after the adjournment of a term, and, when made, it operated by relation as of the time when the motion was made. (Citing cases.) To the motion here under consideration these principles are applicable and the decisions apposite. The motion having been timely made, it was therefore within the jurisdiction of the trial court, if the motion was properly supported in other respects, to have granted it, and the order granting would take relation *nunc pro tunc* as of the date not of the submission of the motion, but as of the date of the making of the motion." *Osmont* v. *All Persons,* 1913, 165 Cal. 587, 133 Pac. 480, at page 482, col. 2.

5. "Though the petition did not come on for hearing until after the expiration of the six months' period, there is nothing in the record herein to indicate that said petition was not brought to the attention of the court below prior to the expiration of said six months' limitation. The 'petition and motion' having been filed within said period and no showing having been made that the matter was not called to the attention of the lower court prior to the expiration of said period, it will be presumed that the application was seasonably made." *In re Yoder* v. *Yoder,* 199 Cal. 699, 251 Pac. 205, col. 1 on page 206.

■ Petitioner says the matter submitted for review is whether the cases he cites apply to Section 21–1502, Arizona Code Annotated 1939. The answer to his query is in Section 3 (Sec. 19–204, Arizona Code Annotated 1939) of the Act of February 4, 1939, and the answer is: (1) the cases he refers to *(Burney* v. *Lee,* 59 Ariz. 360, 129 Pac. (2d) 308; *Paul* v. *Paul,* 28 Ariz. 598, 238 Pac. 399; *Leeker* v. *Leeker,* 23 Ariz. 170, 202 Pac. 397; *Hewins* v. *Weiler,* 33 Ariz. 283, 264 Pac. 101; *Western Indemnity Co.* v. *Kendall,* 27 Ariz. 342, 233 Pac. 583; *In re Ralph's Estate,* 49 Ariz. 391, 67 Pac. (2d) 230; *Rico Consol. Min. Co.* v. *Rico Exploration Co.,* 23 Ariz. 389, 204 Pac. 138, and *Vasquez* v. *Dreyfus,* 34 Ariz. 184, 269 Pac. 80) were decided under paragraph 600, Arizona Revised Statutes 1913, or Sec. 3859, Revised Code of 1928, which limited the time for action by the court to six months; (2) Sec. 3859 became a rule of court at the effective date of the Act of February 4, 1939; (3) Sec. 21–1502, Arizona Code Annotated 1939 [Rule 60(b)], superseded (repealed) the Sec. 3859, *Condos* v. *Superior Court,* 29 Ariz. 186, 239 Pac. 1032, and *Swisshelm Gold Silver Co.* v. *Farwell,* 59 Ariz. 162, 124 Pac. (2d) 544; and (4) Rule 60(b) placed no limitation on the time when the motion must be acted on by the court. Hence, the cases petitioner cites can have no possible application to Rule 60(b).

Federal Rule 60(b) has been before the federal courts in many cases. But we have found no case in which the power of the court, after expiration of the six months, to pass upon a motion made within the six months, has been questioned. In each of the following cases, the motion was filed within the six months, but not ruled upon by the court until after the expiration of the six months. *Schram* v. *O'Connor,* D. C., 2 F. R. D. 192; *United States* v. *Mutual Const. Co.,* 3 F. R. D. 227; *McGinn* v. *United States,* D. C. 2 F. R. D. 562.

Winifred Van Hagen was within her rights in filing her motion to vacate the order of February 15, 1944, and in presenting and having the matter disposed of by the court. That it was not ruled on until November 21, 1944, is of no consequence because, as appears by the record, Judge Udall, to whom the matter was assigned June 2, 1944, held no court session in Mohave County after the amended motion was filed until about November 20, 1944. She is not to be prejudiced by the court's delay. The familiar maxim *"Actus curiae neminem gravabit"* here becomes applicable.

The writ of *certiorari* heretofore issued is ordered quashed and the writ of prohibition vacated.

STANFORD, C. J., and MORGAN, J., concur.